IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| PERRY STEVENSON and <br> MICHAEL CLARK <br> Individually and On Behalf <br> of all Others Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> BARRY POUR a.k.a. BARRY <br> SADIGH-POUR a.k.a. BEHROOZ <br> SADIGH-POUR, ROOZI, INC., d.b.a. <br> BEAVERS GENTLEMAN'S CLUB, <br> CLUB 7901, INC., d.b.a. BABES <br> GENTLEMAN'S CLUB, and <br> CLUB 3437, INC., d.b.a. CHEETAHS, <br><br> Defendants. | § § § § § § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. 2:13-cv-226 |

**COMPLAINT – COLLECTIVE ACTION**

SUMMARY

1. Defendants employ disc jockeys, security personnel, bartenders, waitresses and greeters at three commonly controlled adult entertainment clubs in Amarillo. Defendants refuse to compensate these employees at the applicable minimum wage and overtime rates of pay required by Federal law. In fact, Defendants do not pay these employees any wages at all. Their only compensation is in the form of tips received directly from patrons or shared by other employees.

2. Defendants' conduct violates the Fair Labor Standards Act ("FLSA"), which requires that, among other things, tipped employees to be paid a direct cash wage of at

least $2.13 per hour in order to claim credit for tips against the minimum wage. *See* 29 U.S.C. § 203(m), § 206. Defendants also violate the FLSA in failing to compensate affected employees for their overtime work at a rate of one and one-half times their regular rate of pay. *See* 29 U.S.C. § 207(a).

3. Plaintiffs bring a collective action to recover unpaid minimum wage and overtime compensation owed to them individually and to other similarly situated employees, current and former, of Defendants.

**Jurisdiction & Venue**

4. This Court has jurisdiction over this action pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §1331.

5. This Court is a proper venue for this action because a substantial part of the relevant conduct occurred here.

**PARTIES**

6. Plaintiff Perry Stevenson is a resident of Amarillo, Texas and was employed, at various times, by each Defendant. His written consent to participate in this action is attached as Exhibit "A."

7. Plaintiff Michael Clark is a resident of Amarillo, Texas and was employed by Defendant Barry Pour and Club 3437, Inc. d/b/a Cheetahs. His written consent to participate in this action is attached as Exhibit "B."

8. The Class Members are all current and former disc jockeys, security personnel, bar tenders, waitresses, and greeters who rendered services at Beavers Gentleman's Club, Babes Gentleman's Club, or Cheetahs in Amarillo, Texas in the three-year period preceding this lawsuit.

9. Defendant Barry Pour a.k.a Barry Sadigh-Pour a.k.a. Behrooz Sadigh-Pour is an individual residing in Amarillo, Texas.  He may be served with process at 2909 I-40 West, Amarillo, Texas  79109, or wherever he may be found.

10. Defendant Roozi, Inc. d/b/a Beavers Gentleman's Club is a domestic for-profit corporation in the State of Texas. It may be served with process through its registered agent Behrooz Sadigh-Pour at 11722 South Georgia, Amarillo, Texas  79118, or wherever he may be found.

11. Defendant Club 7901, Inc. d/b/a Babes Gentleman's Club is a domestic for-profit corporation in the State of Texas. It may be served with process through its registered agent Behrooz Sadigh-Pour at 3437 I-40 West, Amarillo, Texas  79109, or wherever he may be found.

12. Defendant Club 3437, Inc. d/b/a Cheetahs is a domestic for-profit corporation in the State of Texas. It may be served with process through its registered agent Behrooz Sadigh-Pour at 3437 I-40 West, Amarillo, Texas  79109, or wherever he may be found.

## COVERAGE

13. Each Defendant has acted, directly or indirectly, in the interest of an employer or joint employer with respect to Plaintiffs and the Class Members.

14. Each Defendant is an employer within the meaning of Section 3(d) of the FLSA.

15. Each Defendant is an enterprise engaged in commerce or the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA in that each Defendant has had employees engaged in commerce or the production of goods for commerce or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

16. Each Defendant's annual gross volume of sales made or business done, exclusive of excise taxes, exceeds the minimum required for FLSA enterprise coverage.

17. Plaintiffs and the Class Members were individuals engaged in commerce or in the production of goods for commerce as required by Sections 206-207 of the FLSA.

18. Defendant Barry Pour a.k.a Barry Sadigh-Pour a.k.a. Behrooz Sadigh-Pour ("Pour") is the owner and operator of each adult entertainment club at which Plaintiffs and the Class Members were employed.

19. Pour controlled the nature, pay structure, and employment relationship of Plaintiffs and Class Members. As such, pursuant to 29 U.S.C. § 203(d), Pour acted directly or indirectly in the interest of Plaintiffs' and Class Members' employment as their employer, which makes him individually liable under the FLSA.

20. At all times relevant to this lawsuit, Pour had the authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to sign on the business's checking accounts, and the authority to make decisions regarding employee compensation and capital expenditures. Pour was responsible for the day-to-day affairs of the clubs. In particular, he was responsible for determining whether his clubs complied with the Fair Labor Standards Act.

## FACTS

21. Defendants employ disc jockeys, security personnel, bar tenders, waitresses, and greeters at three commonly controlled adult entertainment clubs—Beavers Gentleman's Club ("Beavers"), Babes Gentleman's Club ("Babes") and Cheetahs, all located in Amarillo, Texas.

22. Plaintiff Perry Stevenson worked as a disc jockey at Beavers, Babes, and Cheetahs, and also worked as "manager" at Cheetahs.

23. Plaintiff Michael Clark worked as a disc jockey at Cheetahs.

24. Except for the period of time when Plaintiff Stevenson worked as a "manager," during which time he received a "salary" of $250 per week, Defendants paid Plaintiffs and the Class Members no wages at all.

25. The only compensation received Plaintiffs and the Class Members came in the form of tips received directly from patrons or shared by other employees.

26. Plaintiffs and the Class Members also worked overtime hours for which they received no overtime premium pay.

## COLLECTIVE ACTION ALLEGATIONS

27. Plaintiffs Perry Stevenson and Michael Clark bring this case as an "opt-in" collective action on behalf of the Class Members pursuant to 29 U.S.C. § 216(b).

28. The total number and identities of the Class Members may be determined from the records of Defendants and they may easily and quickly be notified of the pendency of this action.

29. Plaintiffs are similar to the Class Members because all have been unlawfully denied payment of the Federal minimum wage and overtime premiums pursuant to a common plan, policy or practice.

30. Plaintiffs' experiences are typical of the experiences of the Class Members.

31. Defendants' failure to pay minimum wage and overtime premiums at the rates required by the FLSA results from generally applicable policies or practices and does not depend on the personal circumstances of the Plaintiffs or the Class Members.

32. Plaintiffs' experiences are typical of those of the Class Members.

33. Specific job titles or job duties of the Class Members do not prevent collective treatment.

34. Although the issue of damages can be individual in character, there remains a common nucleus of liability facts.

## CAUSES OF ACTION

35. Plaintiffs re-allege and incorporate by reference the facts set forth above.

36. Defendants' failure to pay minimum wage and overtime premiums to Plaintiff and the Class Members violates the FLSA. 29 U.S.C. §§ 206, 207.

37. Defendants' failure to keep accurate records of the hours that Plaintiffs and Class Members worked violates the FLSA.

38. Defendants' policy and practice by which it fails to inform tipped employees of the provisions of 19 U.S.C. § 203(m) violates the FLSA.

39. Defendants knew or should have known that its policies and practices violate the FLSA.

40. Defendants have not made a good faith effort to comply with the FLSA.

41. Rather, Defendants have knowingly, willfully, and/or with reckless disregard, carried out, and continues to carry out its illegal practices.

## PRAYER

WHEREFORE, Plaintiffs respectfully request judgment be entered in their favor awarding Plaintiffs and the Class Members:

    A.      the applicable minimum wage for all hours worked;

    B.      time-and-one-half the minimum wage for all overtime hours worked;

  C. an amount equal to unpaid minimum wages and overtime premiums as liquidated damages as allowed under the FLSA;

  E. reasonable attorney's fees, costs, and expenses of this action as provided by the FLSA;

  F. pre-judgment and post judgment interest at the highest rates allowed by law; and

  G. such other relief as to which Plaintiff and the Class Members may be entitled.

    Respectfully submitted,

    **THE YOUNG LAW FIRM, PC**
    By: /s/ Jeremi K. Young
    **Jeremi K. Young**
    State Bar No. 24013793
    1001 S. Harrison, Suite 200
    Amarillo, Texas 79101
    (806) 331-1800
    (806) 398-9095 (fax)
    jyoung@youngfirm.com

    *ATTORNEY FOR PLAINTIFF*